**Garth W. Aubert, SBN 162877**
garth.aubert@fitzhunt.com
**Stephanie B. Gonzalez, SBN 252603**
stephanie.gonzalez@fitzhunt.com
**FITZPATRICK & HUNT, PAGANO, AUBERT, LLP**
633 West Fifth Street, 60th Floor
Los Angeles, CA 90071
Tel.: (213) 873-2100 / Fax: (213) 873-2125

Attorneys for Defendant,
SWISSPORT USA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATREEK GHAZARIAN,<br><br>          Plaintiff,<br><br>     vs.<br><br>SWISSPORT and SWISSPORT USA, INC. and DOES 1 to 50,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT SWISSPORT USA, INC.'S NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY OF CITIZENSHIP**<br><br>**(28 U.S.C. §§ 1332, 1441, and 1446)**<br><br>[Removal from the Superior court of California for the County of San Francisco, Case No. CGC-20-583852] |

Defendant SWISSPORT USA, INC. (hereinafter "Swissport USA"), hereby removes the above captioned civil action from the Superior Court of the State of California for the County of San Francisco to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## PROCEDURAL BACKGROUND

1.   On March 19, 2020, Plaintiff Patreek Ghazarian (hereinafter "Plaintiff") commenced an action in the California Superior Court, County of San Francisco, entitled *Patreek Ghazarian v. Swissport and Does 1 to 50*, Case No. CGC-20-583852.

2. On July 27, 2020, Plaintiff filed a First Amended Complaint (hereinafter "FAC"), in which he added Swissport USA, Inc. as a defendant. In his form FAC, Plaintiff asserts causes of action for motor vehicle negligence, and general negligence.

3. Upon information and belief, the entity identified in the original Complaint as "Swissport" does not exist, and Swissport USA Inc. is the correct defendant in this action. Grounds for removal are based on its citizenship and circumstances alone.

4. On September 10, 2020, Swissport USA was served with a copy of the First Amended Summons and the FAC. This was the first pleading served on Swissport USA in connection with this action. Upon information and belief, no other defendants have been properly sued or served in this litigation.

5. On October 1, 2020, Swissport USA filed an Answer to Plaintiff's FAC with the San Francisco Superior Court, for itself alone, a copy of which is attached hereto as Exhibit A. Swissport USA does not yet have a conformed copy of its Answer from the Superior Court.

6. Pursuant to 28 U.S.C. § 1446(a), copies of the FAC and all other process, pleadings, and orders served on Swissport USA in the Superior Court are collectively attached hereto as Exhibit B.

**JURISDICTION**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse, the amount in controversy exceeds $75,000.00, and no defendant is a citizen of the state of California.

8. Complete diversity jurisdiction exists in that:
   a. Plaintiff is a citizen of the state of California.
   b. Swissport USA is a corporation formed under the laws of the state of Delaware, with its principal place of business in the commonwealth of Virginia.

9. While Swissport USA does not concede that Plaintiff is entitled to damages, the matter in controversy plainly exceeds $75,000.00. Plaintiff alleges that on April 10, 2018, he was riding as a passenger in a JetBlue ATV at the San Francisco International Airport, when the ATV was allegedly struck by one of Swissport USA's vehicles. FAC at 4-5. Plaintiff contends that Swissport USA caused the alleged collision, and subsequently, his alleged injuries and damages. *See Id.* at 5. According to Plaintiff, he sustained injuries to his "health, strength, activities and shock and injury to his nervous system." *Id.* He alleges that these injuries "have caused and will continue to cause [him] great mental and physical pain and suffering." *Id.* As a result, Plaintiff claims to have suffered hospital and medical expenses, property damage and loss of use of property, and other general damages. *Id.* at 3, 5. In addition, he asserts that his injuries have adversely affected his employment, causing him to suffer both a loss of earnings and a loss of earning capacity. *Id.* at 3, 5. Plaintiff has demanded $1,000,000.00 to settle this matter. Declaration of Stephanie B. Gonzalez ("Gonzalez Decl.") at ¶ 3, attached hereto as Exhibit C; *see Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (finding even an imprecise settlement demand relevant evidence of the amount in controversy). Considering this substantial demand, the purported medical expenses, lost wages and loss of earning capacity allegedly suffered by Plaintiff, among other claimed damages, the amount in controversy exceeds the $75,000.00 threshold.

10. This action is properly removed because there are currently no other named defendants in this action (besides "Swissport" which, upon information and belief, is not a legal entity and therefore cannot be sued and served) and Swissport USA is not a citizen of California, the state in which Plaintiff brought the action. *See* 28 U.S.C. § 1441(b).

**TIMELINESS OF REMOVAL**

11. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Swissport USA filed the Notice of Removal within thirty (30) days of service of the

First Amended Summons and FAC, which took place on September 10, 2020. As stated above, the FAC was the first pleading served on Swissport USA in connection with this action. As such, the timeline for removal provided in section 1446(b) did not commence until Swissport USA was properly served with the First Amended Summons and FAC. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56; 28 U.S.C. § 1446(b)(3).

**VENUE AND INTRADISTRICT ASSIGNMENT**

12. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the FAC was filed, and is currently pending, in the Superior Court of California, County of San Francisco.

13. The San Francisco Division is the proper intradistrict assignment for this action upon removal pursuant to Civil L.R. 3-2(d), because it is the division that embraces the county in which the state court action is pending.

**RESERVATION OF RIGHTS AND DEFENSES**

14. Swissport USA expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of Swissport USA's defenses.

DATED: October 7, 2020                          Respectfully submitted,

                                                            FITZPATRICK & HUNT,
                                                            PAGANO, AUBERT, LLP

                                                        By: _____
                                                            Stephanie B. Gonzalez
                                                            Attorneys for Defendant
                                                            SWISSPORT USA, INC.